UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:15-cv-00108-MOC

| | | |
|---|---|---|
| LINDA M. HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Plaintiff's "Motion for Fees Under the Equal Access to Justice Act" (#22). The court enters the following Order, pursuant to its authority to award fees to a prevailing party, other than the United States, incurred by that party in a civil action against the United States under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), and in light of this court's July 11, 2016 Order (#20) and Clerk's Judgment (#21) remanding this case to the defendant for further proceedings.

The court is persuaded that there is agreement between the parties about a $5,000 fee award under the EAJA. In the Memorandum (#23) supporting the Motion for Fees, plaintiff, through counsel, noted that the defendant had agreed to the requested fee of $5,000. However, in the Motion itself (#22), the plaintiff, through counsel, wrote the following: "The undersigned attempted to contact counsel for the Defendant to determine if the Defendant consents to this motion but has been unable to obtain a response." In reply, defendant writes that it "is not correct" that plaintiff's counsel was unable to reach defendant's counsel and that defendant has no objection to the award of $5,000 in fees to the plaintiff.

# ORDER

**IT IS HEREBY ORDERED** that the plaintiff's Petition for Attorney Fees Under the

EAJA (#22) is **GRANTED**, the United States Social Security Administration shall pay

attorney's fees in the amount of Five Thousand Dollars ($5,000.00), in full satisfaction of any

and all attorney's fee claims plaintiff may have in this case under EAJA.

Pursuant to the United States Supreme Court's ruling in <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521

(2010), these attorney's fees are payable to plaintiff as the prevailing party, and are subject to

offset through the Treasury Department's Offset Program to satisfy any pre-existing debt

plaintiff may owe to the government.  If, subsequent to the entry of the Court's EAJA Order, the

Commissioner determines that Plaintiff owes no debt to the government that would subject this

award of attorney fees to offset, the Commissioner may honor Plaintiff's signed assignment of

EAJA fees providing for payment of the subject fees to Plaintiff's counsel, rather than to

Plaintiff.  If, however, the Commissioner discovers that Plaintiff owes the government any debt

subject to offset, the Commissioner shall pay any attorney fees remaining after such offset to

plaintiff, rather than to counsel.

Signed: October 31, 2016

Max O. Cogburn Jr
United States District Judge